HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEWART BATTLE, et al.,

    Plaintiffs,

    v.

CITY OF SEATTLE, et al.,

    Defendants.

CASE NO. C14-309RAJ

ORDER & PERMANENT INJUNCTION

## I. INTRODUCTION

This matter comes before the court on review of the two joint statements (Dkt. ## 40, 44) that the parties submitted in response to the court's February 24, 2015 order granting Plaintiffs' motion for summary judgment and the court's April 6, 2015 order. For the reasons stated herein, and in the February 24 order, the court enters a permanent injunction at Part III of this order. The clerk shall enter judgment for Plaintiffs incorporating that permanent injunction, and shall DISMISS this civil action.

## II. BACKGROUND

The court ruled on February 24 that the portion of the Seattle Municipal Code ("SMC") that requires a permit before engaging in a broad range of uses of Seattle's public rights of way is unconstitutional, at least as that permit requirement is interpreted by the Seattle Department of Transportation ("SDOT"). The permit requirement is spread out over a number of sections of the SMC, including SMC 15.02.048 (enumerating activities constituting "use" of Seattle rights of way), SMC 15.04.010

ORDER – 1

1   (requiring permit for any "use"), SMC 15.040.020(C) (requiring permit application to
2   SDOT), and SMC 15.04.012(A), (C) (allowing City to treat unpermitted uses as a
3   nuisance). The court observed in the February 24 order that there are other provisions of
4   the SMC requiring permits for specific street uses. *See*, *e.g.*, Feb. 24, 2015 ord. at 4
5   (describing permit requirement for newsstands). Neither that order nor this one applies to
6   these other permit requirements. The permit requirement at issue in this order is the one
7   SDOT interpreted in Director's Rule 95-1, entitled "Standards for Issuance of or Denial
8   of Street Use Permits."

9   The court asked the parties' input on various issues in the wake of the February 24
10  order. The parties agreed that there were no further factual issues to resolve. They
11  agreed to dismiss various claims and parties other than the City and the Director of
12  SDOT. There are only a few disputes.

13  First, whereas Plaintiffs believe the court should issue a judgment without delay,
14  Defendants ask the court to await a forthcoming revision to SDOT's interpretation of the
15  permit requirement. The court can only speculate about the content of that revised
16  interpretation. Defendants contend that it will become effective on June 5. They state as
17  follows:

> Defendant[s] recognize that Plaintiffs may be entitled to judgment pursuant
> to this Court's February 24, 2015 Order concerning the rules currently in
> place. However, in light of the comprehensive new administrative rule, and
> as a matter of judicial efficiency and necessity, Defendant[s] believe that
> such judgment addressing the old rules would be rendered moot. At a
> minimum, any ultimate judgment should be reserved until at least June 5,
> 2015[,] when the new Director's Rule will be adopted, binding and
> enforceable. Defendants have no objection to the court's consideration of
> Plaintiffs' request for reasonable attorney's fees for work on successful
> claims.

24  May 8, 2015 Joint Stmt. (Dkt. # 44) at 3.

25  Second, although the parties agree that a permanent injunction should issue if the
26  court enters judgment, they have disagreements about the language of the injunction and

28  ORDER – 2

whether it would apply in the event that SDOT amended its interpretation of the permit requirement.

As to the first dispute, the court will enter judgment immediately. If SDOT modifies its interpretation of the permit requirement and promulgates that interpretation in the form of a rule or set of rules accessible to the public, then SDOT will have created a new permit requirement. As the court noted on February 24, the court must consider not only the permit requirement as expressed in the SMC, but SDOT's binding interpretations of that requirement. Feb. 24, 2015 ord. at 12. The court's injunction would not apply to a new permit requirement, although of course the court would retain jurisdiction to consider whether the "new" permit requirement so resembled the old one that it amounted to willful circumvention of the court's order. If Plaintiffs or anyone else wish to challenge the new permit requirement in court, they must file a new lawsuit. This court declines the parties' invitation to serve as the ongoing monitor of Defendants' efforts to promulgate a constitutional permit requirement.

As to the second dispute, the court has considered the parties' competing proposals for a permanent injunction. The parties have convinced the court that it may appropriately fashion an injunction that prohibits enforcement of the permit requirement (which applies to many uses that have no First Amendment implications) only to the extent it applies to activity that the First Amendment protects. *See Guadiya Vashnava Society v. City & County of San Francisco*, 952 F.2d 1059, 1060-61, 1066 (9th Cir. 1991). Guided both by the parties' proposals and the February 24 order, the court issues the following permanent injunction.

### III.   PERMANENT INJUNCTION

1) Defendants (the City of Seattle and Goran Sparrman, in his capacity as Director of SDOT) are permanently enjoined from enforcing the permit requirement described in this order (and the February 24, 2015 order) against persons who occupy Seattle's public rights of way for uses within the scope of

ORDER – 3

    the First Amendment to the United States Constitution. Those uses include, at a minimum, the expressive "tabling" that Plaintiffs prefer to engage in. They also include, however, any use that facilitates the dissemination of expression.

2) To help ensure that members of the public do not mistakenly believe that SDOT is still enforcing the permit requirement that the court has declared unconstitutional, Defendants shall ensure that the portion or portions of the SDOT website that inform the public about the permit requirement contain a prominent disclaimer stating essentially as follows: "A federal court has determined that SDOT's permit requirements may not be enforced against individuals or entities seeking to use Seattle's public rights-of-way for uses within the scope of the First Amendment to the United States Constitution, including any use that facilitates the dissemination of expression." SDOT shall disseminate a similar disclaimer to any person who appears at its offices to request a street use permit.

3) SDOT shall ensure that any staff who work with permit applicants or applications are aware of this injunction and implement it.

4) The City of Seattle shall take steps to ensure that law enforcement officials or any other agents of the City who are authorized to enforce violations of the permit requirement are informed of this injunction.

5) If SDOT promulgates new rules to replace its current implementation of the permit requirement, it may withdraw the disclaimers described above.

6) No later than June 12, Defendants shall submit a declaration to the court detailing their compliance with clauses 2 through 4 of this injunction, including the dates on which any compliance measures were implemented. In the event that SDOT promulgates new rules to replace its current implementation of the permit requirement and makes those rules accessible to the public no later than June 12, 2015, Defendants need not report on their compliance with clauses 2

ORDER – 4

and 3.  They must, however, submit a copy of those rules to the court by June 12, along with a declaration describing how SDOT staff, law enforcement officials, and other City agents with enforcement authority have been informed of the new rules.

DATED this 18th day of May, 2015.

*[signature]*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5